UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

Civil Action No. 5:20-cv-00507-D

| | |
|---|---|
| TIMOTHY K. MOORE, in his official capacity as Speaker of the North Carolina House of Representatives, PHILIP E. BERGER, in his official capacity as President Pro Tempore of the North Carolina Senate, BOBBY HEATH, MAXINE WHITLEY, and ALAN SWAIN, <br><br>            Plaintiffs, <br>v. <br><br>DAMON CIRCOSTA, in his official capacity as Chair of the North Carolina State Board of Elections, STELLA ANDERSON, in her official capacity as a member of the North Carolina State Board of Elections, JEFF CARMON, III, in his official capacity as a member of the North Carolina State Board of Elections, and KAREN BRINSON BELL, in her official capacity as the Executive Director of the North Carolina State Board of Elections, <br><br>            Defendants. | **REPLY MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO TRANSFER VENUE** |

      **NOW COME** defendants and, in support of their motion to transfer venue to the United States District Court for the Middle District of North Carolina and replying to Plaintiffs' Response to Defendants' Motion to Transfer [D.E. 21], show the Court the following:

# ARGUMENT

## I. The Pendency of *Democracy NC* in the Middle District of North Carolina Refutes Plaintiffs' Assertion that Their Claims Could Not Be Presented in that District.

Plaintiffs assert that they could not have brought their claims in the Middle District of North Carolina because venue is only proper against defendants—members and employees of the State Board of Elections—in the Eastern District of North Carolina, where the capital city Raleigh is located. This assertion is plainly refuted by the reality that *Democracy North Carolina v. NC State Board of Elections*, M.D.N.C. No. 1:20-cv-457 (filed May 22, 2020) is currently pending in the Middle District of North Carolina.

While venue for actions against members and employees of the State Board of Elections generally does appropriately lie where those members and employees perform their official duties, venue can be waived. "Nothing in this chapter [28 U.S.C. §§ 1391 *et seq*.] shall impair the jurisdiction of a district court of any matter involving a party who does not interpose timely and sufficient objection to the venue." 28 U.S.C.S. § 1406. As the Fourth Circuit has noted, "venue is a personal privilege of the defendant that may be waived." *Young Again Prods. v. Acord*, 459 Fed. Appx. 294, 306 (4th Cir. 2011) (citing *Leroy v. Great W. United Corp.*, 443 U.S. 173, 180 (1979)).

That is why the primary case relied on by plaintiffs, *Republican Party of North Carolina, et al., v. Martin*, 682 F. Supp. 834 (M.D.N.C. 1988), is inapposite. In *Martin*, the defendants challenged venue in the Middle District and asserted their privilege to venue in the Eastern District of North Carolina. In *Democracy NC*, defendants did not; rather, defendants waived any challenge to venue by not raising it. It is simply untenable to assert that, having waived any challenge to venue in *Democracy NC*, defendants could nevertheless successfully challenge venue had this

2

action, which is clearly related to the subject matter of *Democracy NC*, been filed in the Middle District.[1] Such a motion would surely be denied by the court, and appropriately so. *See Ettore v. Calvo*, 2017 U.S. Dist. LEXIS 48112, at *3 (S.D. Cal. March 30, 2017) (noting with approval a transfer of venue to a district that was not the situs for any claims "when the defendants waived their objections to defective venue, so that the case could be adjudicated along with the related case . . . which was then pending in this District.")

The issue raised here is not that venue is generally improper in the Eastern District; rather it is that the issues raised in this case are so intertwined with a case already pending in the Middle District that the two cases should be heard together. Plaintiffs' reliance on the general, and waivable, rule that venue against State officials lies in the Eastern District is, like their reliance on *Martin*, unavailing.

## II. Plaintiffs' Own Arguments Demonstrate that Their Claims Are Inextricable From the Preliminary Injunction Entered in *Democracy NC*.

Plaintiffs assert that the claims and issues raised in this action "are entirely distinct" from those raised in *Democracy NC* [D.E. 21 at 4], and that Numbered Memo 2020-19 could not plausibly have been issued in order to comply with Judge Osteen's preliminary injunction.[2] They then expend over a page of their Response arguing about what Judge Osteen did and did not intend in his preliminary injunction. Plaintiffs could not have made it any clearer that there is disagreement between the parties in this case as to what Judge Osteen's order means, and that they

---

[1] That is, of course, assuming that this action had been brought as a separate action in the Middle District rather than raised, as it should have been, in *Democracy NC* itself.

[2] As noted in defendants' initial Memorandum of Law on their Motion to Transfer [D.E. 15 at 16], there is no requirement under the first-filed rule that the issues presented in different cases be identical. Rather, they simply must "bear on a common question." *Berger v. United States DOJ*, 2016 U.S. Dist. LEXIS 84536, at *32 (E.D.N.C. June 29, 2016).

3

are asking *this* Court rather than Judge Osteen to resolve that disagreement. By their argument, plaintiffs themselves have demonstrated that this action and *Democracy NC* "bear on a common question." *Berger*, 2016 U.S. Dist. LEXIS at *32. Judge Osteen knows what he intended, and the first-filed rule, as well as judicial economy and efficiency, counsel that he, not a different federal court, should be called on to determine whether or not Numbered Memo 2020-19 implements his ruling as he intended.

The inescapable conclusion in this case is that plaintiffs are using this Court to try and gain an end-run around both Judge Osteen and the Superior Court of Wake County. Their attempt to do so should be rejected, and this matter should be transferred to the Middle District of North Carolina, where Judge Osteen can adjudicate questions about the meaning of his preliminary injunction.

## **CONCLUSION**

For the foregoing reasons, this case should be transferred to the United States District Court for the Middle District of North Carolina.

This the 29th day of September, 2020.

JOSHUA H. STEIN
Attorney General

/s/ Alexander McC. Peters
Alexander McC. Peters
N.C. State Bar No. 13654
Chief Deputy Attorney General
N.C. Dept. of Justice
Post Office Box 629
Raleigh, NC 27602
Telephone: (919) 716-6900
Facsimile: (919) 716-6763
Email: apeters@ncdoj.gov

4

## **CERTIFICATE OF WORD COUNT**

Pursuant to Local Rule 7.2(f)(4), the undersigned counsel hereby certifies that the foregoing Memorandum, including body, headings, and footnotes, contains 896 words as measured by Microsoft Word.

Respectfully submitted this the 29th day of September, 2020.

/s/ Alexander McC. Peters
Alexander McC. Peters
Chief Deputy Attorney General