IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
No. 5:20-CV-507-D

| | |
|---|---|
| TIMOTHY K. MOORE, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| DAMON CIRCOSTA, et al., ) | |
| ) | |
| Defendants. ) | |

On September 26, 2020, the Speaker of the North Carolina House of Representatives, Timothy K. Moore ("Moore"), the President Pro Tempore of the North Carolina Senate, Philip E. Berger ("Berger"), Bobby Heath ("Heath"), Maxine Whitley ("Whitley"), and Alan Swain ("Swain"; collectively, "plaintiffs") filed a complaint against Damon Circosta ("Circosta") in his official capacity as chair of the North Carolina State Board of Elections ("NCSBOE"), Stella Anderson ("Anderson") in her official capacity as a NCSBOE member, Jeff Carmon, III ("Carmon") in his official capacity as a NCSBOE member, and Karen Brinson Bell ("Bell"; collectively, "defendants") in her official capacity as Executive Director of the NCSBOE alleging claims under the Elections Clause and Equal Protection Clause of the United States Constitution and seeking declaratory and injunctive relief [D.E. 1]. On the same date, plaintiffs moved for a temporary restraining order [D.E. 8] and filed a memorandum in support [D.E. 9]. On September 28, 2020, defendants moved to transfer venue to the United States District Court for the Middle District of North Carolina [D.E. 14] and filed a memorandum in support [D.E. 15].[1] On the same date, the court held a status conference

---

[1] Plaintiffs Berger and Moore and all defendants in this action are parties to ongoing litigation in the United States District Court for the Middle District of North Carolina. See

with all parties [D.E. 19]. After the status conference, plaintiffs responded in opposition to defendants' motion to transfer venue [D.E. 21]. On September 29, 2020, plaintiffs replied [D.E. 23].

In their motion to transfer venue, defendants ask this court to exercise its discretion under 28 U.S.C. § 1404(a) or the "first-filed" rule to transfer this action to the Middle District. See [D.E. 15] 9–17. In response, plaintiffs argue that this court does not have a legal basis upon which to transfer this action under either section 1404(a) or the "first-filed" rule. See [D.E. 21] 1–4, 7–8. Plaintiffs also argue that even if this court did have discretion, it should not exercise its discretion to transfer this action. See id. at 4–7. In reply, defendants offer three interrelated reasons for why Judge Osteen should hear this case together with Democracy N.C.: (1) a defendant may waive venue as of right; (2) plaintiffs Berger and Moore did not object to venue in Democracy N.C.; and (3) this case is "so intertwined" with Democracy N.C. that Judge Osteen should hear both together. See [D.E. 23] 2–3.

The court has considered the parties' arguments and finds plaintiffs' arguments much more persuasive. In short, the court denies defendants' motion to transfer venue for the reasons stated in plaintiffs' comprehensive and well-reasoned response. See [D.E. 21].

As for the legal basis upon which this court may transfer venue, defendants ignore the statutory commands of 28 U.S.C. § 1404(a). Under section 1404(a), the court may transfer venue to another district under two, distinct circumstances: (1) the transferee court sits in a district or

---

Democracy N.C. v. N.C. State Bd. of Elections, No. 1:20-CV-457, — F. Supp. 3d —, 2020 WL 4484063 ( M.D.N.C. Aug. 4, 2020) [hereinafter Democracy N.C.]. Plaintiffs Heath, Whitley, and Swain are not parties in Democracy N.C. In Democracy N.C., Judge Osteen issued a comprehensive 188-page order concerning challenges to various North Carolina election laws and upheld, inter alia, the one-witness requirement in 2020 N.C. Sess. Laws 2020-17 (H.B. 1169) § 1.(a). See id. at *23–25.

2

division where the action "might have been brought"; or (2) the transferee court sits in a "district or division to which all parties have consented." 28 U.S.C. § 1404(a) (emphasis added). As for the second circumstance, plaintiffs in this action do not consent to transfer to the Middle District. See [D.E. 21]1–4. As for the first circumstance, defendants fail to demonstrate this action "might have been brought" in the Middle District. See 28 U.S.C. § 1391(b)(1), (b)(2); Hoffman v. Blaski, 363 U.S. 335, 343–44 (1960) ("The power of a District Court under [section] 1404(a) to transfer an action to another district is made to depend not upon the wish or waiver of the defendant but, rather, upon whether the transferee district was one in which the action 'might have been brought' by the plaintiff."). On the contrary, defendants concede that "venue for actions against members and employees of the State Board of Elections generally does appropriately lie where those members and employees perform their official duties." [D.E. 23] 2; see Jackson v. Leake, No. 105CV00691, 2006 WL 2264027, at *10 (M.D.N.C. Aug. 7, 2006) (unpublished); Republican Party of N.C. v. Martin, 682 F. Supp. 834, 835–36 (M.D.N.C. 1988); cf. 28 U.S.C. § 1391(b)(1); Butterworth v. Hill, 114 U.S. 128, 132 (1885). Moreover, defendants do not argue that the official duties they performed relevant to this action occurred anywhere other than in Raleigh, which is in the Eastern District of North Carolina. See [D.E. 23] 2–3; 28 U.S.C. § 1391(b)(2). As for the first-filed rule, "[a]lthough the first-to-file rule guides the district court's exercise of discretion in handling related cases, the requirements of [section] 1404(a) cabin the exercise of that discretion." In re Bozic, 888 F.3d 1048, 1054 (9th Cir. 2018).[2] As discussed, defendants fail to meet section 1404(a)'s requirements.

---

[2] To the extent defendants rely on 28 U.S.C. § 1406, see [D.E. 23] 2, venue must still lie in the transferee court. See Porter v. Groat, 840 F.2d 255, 257 (4th Cir. 1988); Jenkins v. Albuquerque Lonestar Freightliner, LLC, 464 F. Supp. 2d 491, 494 (E.D.N.C. 2006). As discussed, venue in this action does not lie in the Middle District. Thus, the court rejects defendants' argument under section 1406.

3

Alternatively, even if this court had discretion to transfer this action to the Middle District so that Judge Osteen could hear this action and any pending motions for reconsideration in Democracy N.C., the court would decline to exercise that discretion. Although plaintiffs Berger and Moore did not object to venue in Democracy N.C. when they intervened in that case, defendants' argument fails to account for plaintiffs Swain, Heath, and Whitley. Cf. 28 U.S.C. § 1404(a). Furthermore, if a party waives venue in one judicial district in one case, that party is not required to accept venue in that judicial district as a plaintiff in another case. Cf. Trs. of the Plumbers & Pipefitters Nat'l Pension Fund v. Plumbing Servs., Inc., 791 F.3d 436, 444 (4th Cir. 2015). Rather, plaintiffs' choice of venue is entitled to "substantial weight" in determining whether transfer is appropriate. Id. (quotation omitted). Additionally, witness convenience, convenience of the parties, and the interests of justice all fail to support transfer. Moreover, and as plaintiffs explain at length, this action is not "so intertwined" with Democracy N.C. that this court should transfer this action to Judge Osteen. See [D.E. 21] 4–7; cf. Democracy N.C., 2020 WL 4484063, at *4, 23. Even if the court were to transfer this action to Judge Osteen, this action would not be consolidated with Democracy N.C. Cf. Fed. R. Civ. P. 42(a). Thus, the court rejects defendants' arguments, and denies defendants' motion to transfer venue to the Middle District.

In sum, the court DENIES defendants' motion to transfer venue [D.E. 14]. Defendants may submit a response to plaintiffs' motion for a temporary restraining order by 9:00 A.M. on Thursday, October 1, 2020. Plaintiffs may reply to defendants' response by 9:00 A.M. on Friday, October 2, 2020.

4

SO ORDERED. This 30 day of September 2020.

                                             JAMES C. DEVER III
                                             United States District Judge